**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SIDNEY KEYS, SR., | ) |
|     Plaintiff, | ) ) ) |
| v. | )    No. 4:25-cv-00486-RHH |
| LAW OFFICES OF ATTORNEY MARK KIESEWETTER, | ) ) ) ) |
|     Defendant. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented plaintiff Sidney Keys, Sr., to proceed in the district court without prepaying fees and costs. Having reviewed the application and the financial information submitted in support, the Court finds plaintiff lacks sufficient funds to pay the filing fee, and will waive the filing fee. In addition, after initial review, plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

## The Complaint

Plaintiff brings this civil rights action against defendant Law Offices of Attorney Mark Kiesewetter alleging that he lied under oath and caused plaintiff to lose custody of his son. Plaintiff states that after this court date, he has not seen his son for more than fifteen years. Plaintiff alleges this Court has jurisdiction of this action under federal question, stating he is bringing his case for "civil rights violation, parenting kidnapping, lying to Judge Frawley under oath."

## Discussion

The Court will dismiss plaintiff's claims on initial review as time barred. Plaintiff states that he lost custody of his son because of testimony of defendant at a child custody hearing. Plaintiff states that as a result of this child custody ruling, has not seen his son for more than fifteen years. He is complaining of a ruling that occurred at least fifteen years ago.[1] While there is not a statute of limitations contained within 42 U.S.C. § 1983, the Supreme Court "has held that § 1983 claims accruing within a particular state should be governed by that state's statute of limitations governing personal-injury claims." *Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2001). Thus, for cases arising in Missouri, the five-year statute of limitations for personal injury actions found in Mo. Rev. Stat. § 516.120(4) applies to § 1983 actions. *Sulik v. Taney Cty., Mo.*, 393 F.3d 765, 767 (8th Cir. 2005). While the statute of limitations is an affirmative defense, a district court may

---

[1] Additionally, the Court has reviewed on Missouri Case.net all cases in which plaintiff appeared in the Family Court in St. Louis County, and has found none that have been filed in the past five years.

properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915 when it is apparent the statute of limitations has expired. *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

The statute of limitations on plaintiff's claims began running on the date when defendant allegedly offered false testimony, which was at least fifteen years ago. The limitations period would have expired five years later, which is at least ten years ago. To the extent plaintiff is alleging state law claims of kidnapping and lying under oath, the Court declines to exercise supplemental jurisdiction. For these reasons, the Court will dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED** and plaintiff's filing fee is waived.  [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's complaint brought against defendant Law Offices of Attorney Mark Kiesewetter is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**.  [ECF No. 3]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 14th day of April, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE